UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PATRICIA ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-290 |
| | ) | (VARLAN/GUYTON) |
| ROBERT T. STOOKSBURY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on Plaintiff's Motion for Remand to Blount County, Tennessee Chancery Court [Doc. 3]. Defendant filed a response in opposition [Docs. 5, 6], and plaintiff replied [Doc. 7]. The Court has carefully considered the record and relevant law, and for the reasons explained herein, the Court will grant plaintiff's motion and remand this case to the Chancery Court for Blount County, Tennessee.

**I. Background**

Plaintiff, Patricia Ross, commenced this action in the Chancery Court for Blount County, Tennessee, on or about May 18, 2012 [Doc. 1-1]. Ms. Ross seeks, pursuant to Tenn. Code Ann. § 45-2-703(a), to establish rights to the funds contained in certain bank accounts [*Id.*].

More specifically, Ms. Ross alleges that she had multiple bank accounts of which she was the sole owner and that, "[a]t some point after each of [the] accounts was established, in order to assist [Ms. Ross] with her finances, Rebecca Rose Ross Jordan,

and her sister, Susan R. Ross[,] were added as additional owners of the accounts, though there is dispute as to whether they were to be added solely as signatories to the accounts as opposed to owners" [*Id.* ¶ 9]. Ms. Ross also alleges that neither Susan R. Ross nor Rebecca Rose Ross Jordan contributed to the accounts or withdrew money from the accounts [*Id.* ¶ 10].

According to Ms. Ross, she is the personal representative of the Estate of Dale Ross, and was sued in that capacity in *Robert T. Stooksbury, Jr. v. Michael Ross, et al.*, No. 3:09-CV-498, in this Court [*Id.* ¶ 4]. A judgment was obtained in that lawsuit against various defendants, including Ms. Ross in her capacity as personal representative of the Estate of Dale Ross, and Ms. Ross's daughter, Rebecca Rose Ross Jordan [*Id.* ¶ 6]. Ms. Ross claims that Mr. Stooksbury instituted proceedings this Court "to attach the funds belonging solely and exclusively to [Ms. Ross] on the basis that Rebecca Ross Jordan's name appears on" the accounts [*Id.* ¶ 11]. She "seeks relief from [the state court] under T.C.A. § 45-2-703(a) and would have [the state court] enter an [o]rder declaring that the funds in the . . . accounts are the sole and exclusive property of [Ms. Ross] and, thus, are not subject to garnishment or attachment by [Mr. Stooksbury]" [*Id.* ¶ 12].

On or about June 15, 2012, Mr. Stooksbury removed this case to this Court, asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1441 [Doc. 1]. Pursuant to the notice of removal, Mr. Stooksbury informs the Court that he sought to garnish certain bank accounts that listed both Ms. Ross and Rebecca Rose Ross Jordan as owners

after judgment was entered in *Stooksbury v. Ross*, but that Ms. Ross filed a motion to quash, alleging that she had merely added her daughter's name to the account and that the funds were solely hers [*Id.*].  Magistrate Judge H. Bruce Guyton entered an order denying the motion to quash, finding Tenn. Code Ann. § 45-2-703(a) allowed for garnishment because Rebecca Rose Ross Jordan was listed as an account owner [*Id.*].  Mr. Stooksbury later filed a motion for release of those funds, which was unopposed and granted [*Id.*].  Mr. Stooksbury asserts that this case "attempts to raise the exact same claim[;]" that is, that "none of [Ms. Ross's] individual assets are subject to garnishment or attachment by [Mr. Stooksbury]" [*Id.*].  Put another way, Mr. Stooksbury claims this action "is nothing more than an attempt to re-adjudicate a final [o]rder of . . . this Court" [*Id.*].

Ms. Ross opposes the removal and requests that the Court remand this case to the state court [Doc. 3].  She claims that this case was brought solely pursuant to state law—Tenn. Code Ann. § 45-2-703(a)—and not pursuant to any federal law [*Id.*].  Thus, "[b]ecause . . . no federal question is being implicated" and because there is no allegation of diversity jurisdiction, she asserts this action should be remanded to the state court [*Id.*].

## II.   Analysis

Mr. Stooksbury removed this action pursuant to 28 U.S.C. § 1441 [Doc. 1]. Section 1441 provides for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a).  In other words, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by [a] defendant." *City of Warren v.*

3

*City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (footnote omitted) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).[1] Thus, "[u]nder the plain terms of § 1441(a), in order to properly remove [this action] pursuant to that provision, [Mr. Stooksbury] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002).

Mr. Stooksbury fails to meet this burden. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) ("The burden of showing that the district court has original jurisdiction is on the party seeking removal."). In his notice of removal, Mr. Stooksbury asserts that "[t]he claim at issue arises from [d]efendant Stooksbury's execution of the underlying federal Judgment," and that this Court has "ancillary, supplemental and/or enforcement jurisdiction" [*Id.*].[2] He cites *Epperson v. Entertainment Express, Inc.*, 242 F.3d 100 (2d Cir. 2001), *Thomas, Head, & Greisen Employees Trust v. Buster*, 95 F.3d 1449 (9th Cir. 1996), *Dewey v. West Fairmont Gas Coal Co.*, 123 U.S. 329 (1887), and *Empire Lighting Fixture Co., Inc. v. Practical Lighting Fixture Co., Inc.*, 20 F.2d 295 (2d Cir. 1927), all of which generally discuss the concept that federal courts possess ancillary jurisdiction over post-judgment fraudulent conveyance actions because federal courts may assert authority over non-federal claims when needed to give effect to

---

[1] Because they implicate federalism concerns, statutes conferring removal jurisdiction are to be strictly construed, *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999), and all doubts regarding the removal petition must be resolved against removal, *Queen ex rel. Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

[2] Mr. Stooksbury does not assert that one of the grounds set forth in 28 U.S.C. §§ 1331 or 1332 provides a basis for jurisdiction, and the Court finds that this case neither presents a federal question nor involves diverse parties.

4

their judgments [*See* Docs. 1, 6]. None of these cases, however, involve removal and are therefore distinguishable from this case.

Nonetheless, Mr. Stooksbury cannot remove this action on the basis of ancillary or supplemental jurisdiction. The Supreme Court has announced that "[a]ncillary jurisdiction . . . cannot provide the original jurisdiction that [a defendant] must show in order to qualify for removal under § 1441." *Syngenta*, 537 U.S. at 34; *see also City of Warren*, 495 F.3d at 286 n.2 ("Ancillary jurisdiction is insufficient to support removal."). This is because "a court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims." *Id*. (quoting *Peacock v. Thomas*, 516 U.S. 349, 355 (1994)).[3] Likewise, the Sixth Circuit has instructed that "[t]he supplemental-jurisdiction statute[, 28 U.S.C. § 1367,] is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on

---

[3] The Supreme Court explained:

> "[A]ncillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court." Ancillary jurisdiction may extend to claims having a factual and logical dependence on "the primary lawsuit," but that primary lawsuit must contain an independent basis for federal jurisdiction. The court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims. In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction. Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit.

*Peacock*, 516 U.S. at 355 (citations omitted).

5

the supplemental-jurisdiction statute." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (citations omitted).

### III. Conclusion

Because Mr. Stooksbury has failed to demonstrate that this Court has original jurisdiction, Plaintiff's Motion for Remand to Blount County, Tennessee Chancery Court [Doc. 3] will be **GRANTED**, and this case will be **REMANDED** to the Chancery Court for Blount County, Tennessee.[4]

ORDER ACCORDINGLY.

        s/ Thomas A. Varlan
        UNITED STATES DISTRICT JUDGE

---

[4] Mr. Ross filed a motion to dismiss after removing this action [Doc. 5]. In light of the Court's ruling, that motion [Doc. 5] will be **DENIED as moot**.